**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FORGE TRUCK CENTERS, LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: ___________** |
| | § | |
| **MAMMOET USA SOUTH, INC.,** | § | **JURY DEMANDED** |
| | § | |
| ***Defendant.*** | § | |

**ORIGINAL COMPLAINT AND JURY DEMAND**

Forge Truck Centers, LLC ("Forge") files this Complaint against Defendant Mammoet USA South, Inc. ("Mammoet" or "Defendant") for breach of an Equipment Sale and Purchase Agreement due to Defendant's failure to deliver title.

**BACKGROUND OF THE PARTIES**

1. Plaintiff Forge is a foreign limited liability company organized under the laws of the State of Illinois. Plaintiff Forge has two members, both of whom are citizens of Illinois. Plaintiff Forge sells pre-owned trucks, vocational vehicles, and specialized trailers to businesses.

2. Defendant Mammoet is a corporation organized under the laws of the State of Delaware with its principal place of business located at 20525 FM 251, Rosharon, Texas 77583. Defendant Mammoet is a logistics company engaged in providing equipment for heavy lifting and transport.



82325115;1

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court under 28 U.S. Section 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

4. This Court has personal jurisdiction over Defendant Mammoet because Defendant Mammoet's principal place of business is in this judicial district, where it regularly conducts and solicits business.

5. Venue in this action is proper in this judicial district because it is the judicial district in which Defendant Mammoet resides; the parties' Equipment Sale and Purchase Agreement provides that legal actions arising thereunder shall be filed in the courts of Harris County, Texas; and the events giving rise to Plaintiff Forge's causes of action arise from acts or failures to act on Defendant Mammoet's part occurring in this judicial district.

## GENERAL ALLEGATIONS

6. On October 24, 2024, Plaintiff Forge and Defendant Mammoet entered into Equipment Sale and Purchase Agreement No. 0000.768.10.2024 (the "Agreement"), which Defendant Mammoet drafted. Exhibit 1, a true and correct copy of the Agreement, is incorporated by reference.

7. Under the Agreement, Plaintiff Forge purchased four (4) pre-owned Goldhofer THP/DL trailers (the "Equipment") from Defendant Mammoet for the purchase price of $334,500 USD (the "Agreed Price").

8. Sections 1.1 and 3.4 of the Agreement provide, respectively, that "Seller [Mammoet] transfers the title and ownership of the Equipment on an as is, where is basis, and Buyer hereby accepts such transfer on the terms and conditions contained in this Agreement," and "Title and ownership of the Equipment shall transfer from Seller [Mammoet] to Buyer [Forge] upon receipt by Seller of the Agreed Price in full." (Ex. 1.)

9. Plaintiff Forge timely paid the Agreed Price to Defendant Mammoet, at which time "title and ownership in the Equipment" transferred from Defendant Mammoet to Plaintiff Forge. (*See* Ex. 1.) Yet, despite repeated requests, Defendant Mammoet refuses to convey to Plaintiff Forge physical title to the Equipment or the necessary documentation that would allow Forge to apply for title to the Equipment in its name, thereby breaching the Agreement.

10. Defendant Mammoet represents that "the Agreement does not condition the transfer of title upon the delivery of any state-issued certificate of title or any other post-closing administrative formality," and "under both the Agreement and established Texas law, including the UCC, an 'as is' sale means the buyer assumed the risk of any issues related to the Equipment's condition —— including,

by extension, administrative matters such as title documentation." Exhibit 2, a true and correct copy of the March 24, 2025 correspondence from Mitchell Cohen to Eric Gribbin, is incorporated by reference.

11. Pursuant to Section 2.316(c) of the Texas Business and Commerce Code, phrases like "as is" and "with all faults" —— or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty —— do not countermand or otherwise disavow the statutory warranties of title.

12. Section 2.312(a) of the Texas Business and Commerce Code ("Warranty of Title and Against Infringement; Buyer's Obligation Against Infringement") provides that, " *there is in a contract for sale a warranty by the seller that* (1) *the title conveyed shall be good, and its transfer rightful*; and (2) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge." TEX. BUS. & COM. CODE § 2.312(a) (emphasis added). Moreover, "[a] warranty under Subsection (a) will be *excluded or modified only by specific language* or by circumstances which give the buyer reason to know that the person selling does not claim title in himself or that he is purporting to sell only such right or title as he or a third person may have." TEX. BUS. & COM. CODE § 2.312(b) (emphasis added).

13. No "specific language" exists in the Agreement that would exclude or modify the statutory warranty of good title. Nor were there any circumstances which gave Plaintiff Forge reason to know that Defendant Mammoet did not claim title or was otherwise limiting the right or title in the sale. To the contrary, the Agreement clearly states that Defendant Mammoet is to deliver title. (Ex. 1, §§ 1.1, 3.4) ("Title and ownership of the Equipment shall transfer from Seller [Mammoet] to Buyer [Forge] upon receipt by Seller of the Agreed Price in full").

14. Accordingly, Section 2.503(e) of the Texas Business and Commerce Code ("Manner of Seller's Tender of Delivery") required Defendant Mammoet to deliver title in *correct form* to Plaintiff Forge: "Where the contract requires the seller to deliver documents (1) he *must tender all such documents in correct form* . . . ." TEX. BUS. & COM. CODE § 2.503(e) (emphasis added).

15. Even if title is deemed to have passed to Plaintiff Forge on delivery of the Equipment, Section 2.401(d) of the Texas Business and Commerce Code ("Passing of Title") repudiates that passing and revests title in Defendant Mammoet: "A rejection or other refusal by the buyer to receive or retain the goods, whether or not justified, *or a justified revocation of acceptance revests title to the goods in the seller*. Such revesting occurs by operation of law and is not a 'sale.'" TEX. BUS. & COM. CODE § 2.401(d) (emphasis added).

16. Chapter 501 of the Texas Transportation Code requires Defendant Mammoet to have obtained title to the Equipment before selling it to Plaintiff Forge: "The owner of a motor vehicle that is required to be titled and registered in this state *must obtain a title to the vehicle before selling or disposing of the vehicle*." TEX. TRANSP. CODE § 501.022(c) (emphasis added). The definition of "motor vehicle," includes a "trailer or semitrailer . . . that has a gross vehicle weight that exceeds 4,000 pounds." TEX. TRANSP. CODE § 501.002(17).

17. Finally, Section 501.071 of the Texas Transportation Code ("Sale of Vehicle; Transfer of Title") requires Defendant Mammoet to submit a transfer of ownership of the Equipment's title in order for it to be subsequently resold: "Except as provided by Sections 503.036 and 503.039, *a motor vehicle may not be the subject of a subsequent sale unless the owner designated on the title submits a transfer of ownership of the title*." TEX. TRANSP. CODE § 501.071(a) (emphasis added). Furthermore, "[t]he transfer of the title must be in a manner prescribed by the department that: (1) certifies the purchaser is the owner of the vehicle; and (2) certifies there are no liens on the vehicle or provides a release of each lien on the vehicle." TEX. TRANSP. CODE § 501.071(b).

18. Defendant Mammoet has not complied with these statutory requirements. Despite repeated requests from Plaintiff Forge, Defendant Mammoet

refuses to transmit evidence of a transfer of ownership of title to the Equipment to Plaintiff Forge.

19. Without title, Plaintiff Forge is unable to register, utilize, or resell the Equipment. The entire purpose of the Agreement — for Plaintiff Forge's purchase of Equipment to resell — is nullified. Transferring title to the Equipment along with the Equipment, as statutorily warranted, is not an implied warranty disclaimed by the Agreement's "as is" clause. Defendant Mammoet never performed under these statutorily warranted terms, and, therefore, the transaction is void and Plaintiff Forge is entitled to recover the Agreed Purchase Price. *See* TEX. BUS. & COM. CODE § 2.401(d); *see also*, *Williams v. Brown*, 362 S.W.2d 177 (Tex. App.—Dallas 1962, no pet.) ("where the seller has failed to comply with the statutes concerning transfers of title which declare that a sale shall be void or that no title shall pass unless and until the statutes are complied with, or which are construed to have that legal effect, the buyer may repudiate the sale and recover the amount he has paid for the vehicle"); *Bryant v. Hancock*, 287 S.W.2d 525 (Tex. App.—Waco 1956, no writ) (holding that where seller failed to give title to truck to buyer as required by statute, the sale was void and title to the truck did not pass and consequently consideration for cash payment made on truck as part of the transaction failed and buyer was entitled to recover amount of cash payment).

## FIRST CAUSE OF ACTION: BREACH OF CONTRACT

20. Forge incorporates by reference the allegations made in paragraphs one (1) through nineteen (19) as if set forth fully herein.

21. Defendant Mammoet breached the Agreement by never supplying Plaintiff Forge with title to the Equipment.

22. Four elements must be established to prevail on a claim for breach of contract: "(1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *See Atrium Med. Ctr., LP v. Hous. Red. C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 595 S.W.3d 188 (Tex. 2020).

23. The Agreement is a valid contract between Plaintiff Forge and Defendant Mammoet. The Agreement outlines the transaction's express terms, which defined the parties' duties, and demonstrates that Plaintiff Forge and Defendant Mammoet had a meeting of the minds on the terms of the deal and that Defendant Mammoet accepted Plaintiff Forge's offer to purchase the Equipment. The Agreement is a valid contract.

24. Defendant Mammoet materially breached the Agreement. The Agreement provides an express obligation on Defendant Mammoet to deliver the vehicle with title to Plaintiff Forge. (*See* Ex. 1, §§ 1.1, 3.4.)

25. Despite having no obligation to do so on account of Defendant Mammoet's material breach, Plaintiff Forge tendered performance by paying the Agreed Purchase Price to Defendant Mammoet.

26. Finally, Plaintiff Forge suffered damages because of Defendant Mammoet's breach. By receiving unregistrable, unusable, and unsellable Equipment, Defendant Mammoet deprived Plaintiff Forge of the benefit of its bargain and directly damaged Plaintiff Forge.

27. Plaintiff Forge's offer to surrender the Equipment demonstrates its desire to rescind the Agreement, which it has the right to do, and therefore requests that the Court deem the Agreement rescinded and nullified, entitling Forge to return of its Agreed Purchase price of $334,500, plus interest, and its reasonable and necessary attorney's fees and costs.

## CONDITIONS PRECEDENT

28. All conditions precedent to the filing of this suit have been performed or occurred.

## CONCLUSION AND PRAYER

29. Plaintiff Forge Truck Centers, LLC, therefore respectfully requests that the Court enter judgment rescinding and nullifying the Equipment Sale and Purchase Agreement No. 0000.768.10.2024, entitling Plaintiff Forge to return of its Agreed Purchase Price, plus interest, and an award of its reasonable and necessary attorney's fees and costs, and for such other and further relief which the Court deems appropriate.

Respectfully Submitted,

**AKERMAN LLP**

By: /s/ Alexandra I. B. Ledyard
Alexandra I. B. Ledyard
Texas Bar No. 24087903
S.D. Tex. No. 2211151
alexandra.ledyard@akerman.com
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713-623-0887
Facsimile: 713-960-1527

**ATTORNEY-IN-CHARGE FOR PLAINTIFF FORGE TRUCK CENTERS, LLC**

**OF COUNSEL:**

Samuel C. Zatz
Texas Bar No. 24106979
S.D. Tex. No. 3825239
sam.zatz@akerman.com
Akerman LLP
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: 713-623-0887
Facsimile: 713-960-1527